UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD E. CURRY, Sr., | No. 1:13-cv-01425– LJO-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| TOM HEID, RICHARD MEHAFFEY, UNITED STATES, | **(Doc. 10).** |
| Defendant. | |

This case is before the Court on Defendant United States' Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (Doc. 10).  On October 28, 2013, Plaintiff Clifford Curry ("Plaintiff"), acting *pro se*, filed an opposition in response to Defendant's motion.[1] The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 11).  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for November 15, 2013.  For the following reasons, Defendant's Motion to Dismiss should be **GRANTED.**

---

[1] On August 29, 2013, Defendant the United States removed an identical complaint filed by Plaintiff Clifford Curry from the Stanislaus County Superior Court. *Curry v. Tom Heid*, 13-1382-LJO-BAM (Curry I). Defendant subsequently filed a similar motion to dismiss in that related case.  The Court takes judicial notice of the Court's docket and documents filed in Curry I which reflects that on October 28, 2013, Plaintiff filed a response to Defendant's motion to dismiss.  (Doc. 14).   The Court may take judicial notice of court records. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Valerio v. Boise Cascade Corp*., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), *aff'd,* 645 F.2d 699 (9th Cir. 1981).

1

# BACKGROUND

On July 31, 2013, Plaintiff filed the instant action in San Joaquin County Superior Court seeking $500,000 in damages from Defendant Tom Heid and Richard Mehaffey in connection with the administration of his Veterans Administration ("VA") benefits. Plaintiff is a disabled veteran receiving monthly service-related benefits in connection with a service-connected psychosis. *See* Declaration of Tom Heid ("Heid Decl."), Ex. 2 (Doc. 10-1 at ¶ 5). He was adjudicated as incompetent in June of 2005, and his sister was appointed by the VA to manage his VA benefits. *Id.* at ¶ 5. Upon a finding that Plaintiff's sister mismanaged her brother's VA benefits, she was replaced by Richard Mehaffey on or about July 11, 2009. *Id.* Mr. Mehaffey is the president of VetProPay, a firm in Virginia that provides fiduciary services to incompetent veterans to manage their VA benefits. *Id.* Plaintiff expressed disagreement with the appointment of Mr. Mehaffey, but did not complete the administrative process provided by the VA for challenging the designation. *Id.* at ¶ 5-6. Nevertheless, on May 10, 2010, the VA appointed Curry's wife, Eurdell Jackson Curry, as his fiduciary. *Id.* at ¶ 6.

Thereafter, Plaintiff, filing *pro se*, filed a form complaint naming defendants Tom Heid and Richard Mehaffey in connection with claims arising from the management of his VA benefits.[2] The Judicial Council form complaint alleges causes of action for: "personal injury, wrongful death, intentional tort, and general negligence." (Doc. 1). In his description of liability Plaintiff lists the following:

> Due to gross negligence by Tom Heid and Richard Mehaffey they caused the following upon Clifford E. Curry, Sr.: Severe Emotional distress; Cause death of my wife's Mrs. Vangela Davis-Curry; Unable to receive proper medical treatment and medication; Loss of Veterans benefits; Fraud relating to Veteran's benefits; Excess fiduciary fees, Made mortgage payments to Citibank fraudulent; Made payments to Attorney Clarissa Edwards of Washington, DC. Fraudulent. Violation of Veterans Affairs rules and regulations. Unknown Criminal violations. Gross Civil Rights and Human Rights violations. Disrespectful of Clifford E. Curry, Sr. human rights in all forms. [sic]

On August 29, 2013, the United States removed the case from the San Joaquin County

---

[2] On December 7, 2012, prior to removal to this court, the San Joaquin County Superior Court dismissed Richard Mehaffey as a Defendant in this matter. *See* San Joaquin County Superior Court Case No. 39-2012-00286963.

2

Superior Court to this Court, pursuant to 28 U.S.C. §§ 1442 and 2679(d), because Tom Heid was certified to be a federal employee of the United States Department of Veterans Affairs "acting within the scope of his federal employment at the time of the alleged conduct giving rise to this claim," bringing him under the protection of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  Accordingly, the United States also noticed the Court that the United States was the proper defendant in this tort matter, pursuant to 42 U.S.C. § 2679(d).

On September 30, 2013, the United States filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff has failed to exhaust administrative remedies under the FTCA, prior to filing suit.

## LEGAL STANDARD

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (citations and internal quotations omitted).

A Rule 12(b)(1) motion can be "facial," in which case the Court assumes the truth of Plaintiff's factual allegations and draws all reasonable inferences in his favor. *Doe v. See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Castaneda v. United States*, 546 F.3d 682, 684 n.1 (9th Cir. 2008). Or, as here, the motion may be a "factual" or "speaking" motion, where the movant submits materials outside the pleadings to support its motion.  If evidence is submitted in support of a motion to dismiss, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Colwell v. Dept. of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.

3

1989)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P 12(h)(3).

Where a Plaintiff is proceeding *pro se*, the court has an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, *pro se* pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

In this case, Defendant argues that Plaintiff failed to exhaust required administrative remedies prior to filing suit.

### A. Substitution of the United States as Defendant

The United States is substituted as Defendant in place of Defendant Tom Heid as the proper party because the United States is the only proper party in an FTCA action. In this case, Assistant United States Attorney David Shelledy certified that Tom Heid was "acting within the scope of his employment" as an employee of the Department of Veterans Affairs at the time of the alleged incidents giving rise to Plaintiff's claim. (Doc.1 at 2). Plaintiff has not presented any evidence to the contrary. Therefore, pursuant to 28 U.S.C. § 2679(d), the United States was properly substituted for the individual defendant.

### B. Lack of Subject Matter Jurisdiction

Defendant asserts that the Court lacks subject matter jurisdiction under the Federal Tort Claims Act.

The FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 2679(b)(1). The FTCA waives the sovereign immunity of the United States for actions in tort and provides a remedy for persons injured by the tortious activity of an employee of the United States where the employee was acting within the scope of his office or employment. 28 U.S.C. § 1346(b). There are certain limitations to the right to bring suit against the United States

4

under the FTCA that are applicable here. An FTCA action "shall not be instituted" against the United States unless the plaintiff first files an administrative claim with the "appropriate Federal agency" and the claim is denied. 28 U.S.C. § 2675(a). The claim requirement of section 2675(a) is a jurisdictional limitation. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991). Because the requirement is jurisdictional, it "must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

The United States contends that Plaintiff failed to present his claim to the VA before filing this case, and Plaintiff neither alleged in his Complaint nor in his response that he had done so. Defendant's contention is accompanied by a sworn declaration offered as supporting evidence. Plaintiff responds to Defendant's argument with largely nonsensical letters from 2010 to high ranking officials including President Barack Obama, Attorney General Eric Holder, Congresswoman Eleanor Holmes Norton, Secretary of Veteran Affairs Erik Shinseki, former Director of the FBI Robert Mueller, and former Secretary of Treasury Timothy Geithner seeking to investigate and punish Roanoke Virginia Regional Veterans Affairs Office. (Doc. 14). Plaintiff also includes several other documents that appear to have no application to his claims against the VA including: a 2009 letter to President Obama requesting a meeting to discuss "alternate energy source," a 2004 letter to former Homeland Security Director Thomas Ridge regarding "terrorism" of electrical and electronic systems, and the business license for Curry Electric Co. (Doc. 14 at 7, 8, 12). In these filings, Plaintiff does not refute his failure to exhaust administrative remedies prior to filing this lawsuit.

The record supports Defendant's contention the Plaintiff failed to present his claim to the VA before filing this case. Defendant has provided a sworn declaration stating that Plaintiff has not filed any administrative tort claims pursuant to the FTCA against the Department of Veteran Affairs. *See* Declaration of Loretta Hunter ("Hunter Decl."), Ex. 3 (Doc. 10-3 at ¶ 2-4). Plaintiff has offered no evidence to the contrary. In fact, in his numerous filings, Plaintiff does not dispute that his claims are governed by the FTCA nor does he dispute that he failed to exhaust the administrative claim process prior to filing suit. Instead, Plaintiff responds to Defendant's motion to dismiss by "requesting [that his] complaint [be] removed from [the] court calendar." (Doc. 14

5

at 1).

Other Ninth Circuit cases have held that the Court lacks subject matter jurisdiction where Plaintiff failed to exhaust administrative remedies. In *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148 (9th Cir. 1998), the Ninth Circuit Court of Appeals upheld a district court's decision to dismiss common law tort claims against individual defendants on the ground that appellants had failed to comply with the FTCA by not presenting their tort claims to the appropriate federal agency before raising them in court. Finding no evidence in the record that appellants filed their tort claims with the Air Force, the Court agreed that the district court lacked subject matter jurisdiction over the claims. In *Quezada v. Bogle*, 2007 U.S. Dist. LEXIS 96610, 8-9 (E.D. Cal. Nov. 7, 2007) (Ishii. J), this Court dismissed a *pro se* complaint without leave to amend where Defendant provided a sworn declaration stating that Plaintiff had not "filed any administrative tort claims pursuant to the [FTCA] against United Health Centers." The Court held that Plaintiff had violated 28 U.S.C. § 2675(a) by commencing an action in the district court before her administrative claim was exhausted, reasoning that there are simply no exceptions to the explicit exhaustion prerequisites to filing a suit against the United States. *Id.* at *9.

Having failed to satisfy the jurisdictional prerequisites for maintaining a suit under the FTCA, Plaintiff cannot proceed on his claims against the United States. *See Brady v. United States*, 211 F.3d 499, 502-503 (9th Cir. 2000) (affirming dismissal of action for lack of subject matter jurisdiction where plaintiff "failed to comply with that statute's jurisdictional requirement that she file an administrative claim"). Accordingly, the Court lacks jurisdiction over Plaintiff's claim against the United States and Defendant's Motion to Dismiss should therefore be **GRANTED**.

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY RECOMMENDED THAT**:

1. The United States is **SUBSTITUTED** in place of employee Tom Heid;
2. Defendant's Motion to Dismiss should be **GRANTED**;
3. Plaintiff's claims against Defendant the United States should be dismissed **WITHOUT LEAVE TO AMEND** and **WITHOUT PREJUDICE** for failure to

6

exhaust administrative remedies under the FTCA.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 27, 2013**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE